NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2014[*]
Decided August 19, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1346

| | |
|---|---|
| VITALIJUS STASEVICIUS, | Petition for Review of an Order of the |
| *Petitioner,* | Board of Immigration Appeals. |
| *v.* | A088 702 247 |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent.* | |

**O R D E R**

Vitalijus Stasevicius, a Lithuanian citizen, petitions for review from the denial of his motion to reopen his asylum proceeding. We deny the petition.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petition is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Stasevicius entered the United States in 2010 under the Visa Waiver Program and overstayed. *See* 8 U.S.C. § 1187. Later that year he applied for asylum and withholding of removal based on imputed political opinion and his membership in a social group composed of "former associates of Arvydas Stasaitis who were employed as executives at his company Balticam." According to Stasevicius, Stasaitis, a Lithuanian businessman, had been an outspoken critic of the Lithuanian government's economic policies, and both Stasaitis and Balticam's financial officers were maliciously prosecuted in the 1990s for fabricated financial crimes and imprisoned. Stasevicius said that he feared additional prosecution if he returned to Lithuania because the government there had recently proposed extending the statute of limitations for his alleged crimes.

Despite crediting his testimony, the immigration judge rejected Stasevicius's application for relief. Regarding his claim for asylum, the IJ concluded that the criminal investigation and prosecution that he faced in Lithuania was not persecution because he had not shown that the misconduct for which he was charged—running a Ponzi scheme—would not also be illegal in the United States. Nor were the conditions of his year in confinement severe enough, the IJ added, to qualify as persecution. Finally, the IJ rejected as objectively unreasonable Stasevicius's fear of future persecution because the proposed change to the applicable statute of limitations was "not certain" to even be enacted into law. The Board adopted and affirmed the IJ's ruling.

Stasevicius did not appeal but instead moved to reopen the proceedings, asserting that new facts supported his claim that the Lithuanian government and judicial system are corrupt and that he would again be prosecuted unfairly. In support of the motion, he attached among other things a newspaper article showing that his former boss was again facing prosecution for financial crimes, and a judgment showing that a former Balticam colleague had a lien placed against his property in connection with a private civil suit. The Board denied the motion to reopen, explaining that the submitted evidence was not likely to change the outcome of the proceedings because it would not help Stasevicius establish a prima facie case of eligibility for asylum. None of the evidence, the Board concluded, showed that the IJ had erred in finding that the Lithuanian government had a "legitimate basis" for investigating and prosecuting him.

In his petition for review, Stasevicius generally challenges the fairness of his removal proceeding. He asks for a "mistrial" to be declared because of "discrepancies" in the translation at his hearing, such that the U.S. Department of Homeland Security (and presumably also the IJ) was "bamboozled" with "misconstrued data." He

maintains that he deserves a chance to "mount my proper defense" and that he wishes to present "further evidence" showing that the Lithuanian government is corrupt.

To the extent that Stasevicius challenges the Board's order upholding the denial of his application for asylum, this petition—filed more than seven months after entry of the order—is untimely, *see* 8 U.S.C. § 1252(b)(1), and we lack jurisdiction to review it, *see Cordova-Soto v. Holder*, 732 F.3d 789, 793 (7th Cir. 2013). To the extent that he challenges the order denying reopening—a challenge that we do have jurisdiction to review, *see Calma v. Holder*, 663 F.3d 868, 872 (7th Cir. 2011)—he fails to contest the Board's conclusion that the evidence supporting his motion to reopen did not establish his eligibility for relief. *See Moosa v. Holder*, 644 F.3d 380, 385–87 (7th Cir. 2011).

**DENIED**.